United States District Court
Southern District of Texas

**ENTERED**

April 10, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE KELLY, | § | |
| TDCJ-CID # 02270765, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-2655 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent.* | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition under 28 U.S.C. § 2254 challenging his conviction for continuous sexual abuse of a child. Respondent filed an answer as a motion to dismiss (Docket Entry No. 11), to which petitioner filed a response (Docket Entry No. 14).

Having considered the petition, the motion to dismiss, the response, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DISMISSES** this lawsuit for the reasons shown below.

## I. BACKGROUND AND CLAIMS

A Montgomery County jury found petitioner guilty of continuous sexual abuse of his two daughters, S.K. and K.K., and assessed a ninety-nine-year sentence against him on June 21, 2019. The conviction was affirmed on appeal. *Kelly v. State*, No. 09-19-00197-CR, 2021 WL 2943929 (Tex. App.—Beaumont 2021 pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review on October 20, 2021, and denied petitioner's application for

state habeas relief without written order on the findings of the trial court without a hearing and on the court's independent review of the record on July 12, 2023.

Petitioner filed the instant federal habeas petition on July 15, 2023, raising the following claims for habeas relief:

1. The trial judge was biased due to his prior work as a district attorney.

2. The evidence is insufficient to support the conviction.

3. The indictment violated the Double Jeopardy Clause.

4. The jury charge was ambiguous, causing egregious harm.

5. The statute under which he was convicted is unconstitutional.

6. Trial counsel was ineffective in failing to object to the constitutional violations stated in claims 1 through 4.

7. Appellate counsel was ineffective in failing to raise the constitutional violations presented in the instant petition.

Respondent argues that these claims have no merit, are procedurally barred in part, and should be dismissed.

## II.  LEGAL STANDARDS

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme

2

Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

However, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.* at 102–103 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying

3

factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31. This presumption of correctness extends not only to express factual findings, but also to implicit or unarticulated findings which are necessary to the state court's conclusions of mixed law and fact. *Murphy v. Davis*, 901 F.3d 578, 597 (5th Cir. 2018).

### III. ANALYSIS

A.    <u>Judicial Bias</u>

In his first claim for habeas relief, petitioner argues that "The probability of actual bias from [state trial court judge Phil Grant's] failure to recuse with his prior work as [first] assistant district attorney violates the 6th and 14th amendment." (Docket Entry No. 1, p. 5.) In support, he states as follows:

> Judge Phil Grant was a 1st Assistant District Attorney in Montgomery County, Tx since 2009. As 1st Assistant Grant worked to expand the resources that the county dedicated to sex crime investigation and prosecution. He also held Past-President/Vice President positions in Children's Safe Harbor. Phil Grant became Judge for the 9th District Court of Montgomery Co. having been appointed by Greg Abbott on June 17, 2016. [My] case started on October 27, 2014, with a Children's Safe Harbor outcry by [my] youngest [daughter], there was no outcry by [my] oldest at the time. A grand jury subpoena record shows an order for records signed with the date July 1, 2015. This set of document's [*sic*] now in appendix (a) has a single document with a return address to the D.A.'s office with Phil Grant as the reciever [*sic*], known then as 1st Assistant. In [*sic*] July 25, 2016, [my daughter] recants her original story and brings accusations of abuse against [me] in a second interview held at Children's Safe Harbor. [I] was arrested by complaint and information on October 16, 2017, [I] was later indicted in a non-mapped indictment on June 5, 2018. This places

> Judge Grant's name in the middle of the case as first Assistant District Attorney in [my] case for up to two years before becoming [my] trial judge[.]

(Docket Entry No. 1, pp. 5–6.)

In rejecting this claim on state habeas review, the trial court found as follows:

4.  The applicant did not move to recuse the judge of this Court during the pendency of his case.

5.  The applicant has failed to allege any facts that, if true, would show that this Court was biased or prejudiced against the applicant, or that this Court possessed any improperly-gained knowledge about the facts of the applicant's case.

6.  The above-styled cause was filed by complaint and information after the judge of this Court left the Montgomery County District Attorney's office.

7.  The judge of this Court was not personally involved with the investigation into this case before it was filed.

(Docket Entry No. 12-27, pp. 389–390.) The Texas Court of Criminal Appeals denied habeas relief without a written order on the findings of the trial court without a hearing and on the court's independent review of the record. (Docket Entry No. 12-21.)

To prove actual bias, a petitioner must show that the judge had a prejudiced disposition in his case. *Bracy v. Gramley*, 520 U.S. 899, 909 (1997). To this end, he must present actions demonstrating the judge's animus toward him, beyond mere errors in the judge's ruling. *Cubas v. Thaler*, 487 F. App'x 128, 131 (5th Cir. 2012) (unpublished). Neither petitioner nor the record before this Court evince any factual support for petitioner's claim that Judge Grant held an actual bias against him. Moreover, petitioner did not move

to recuse Judge Grant at trial nor did he raise a claim on direct appeal challenging Judge Grant's impartiality.

Proof of actual bias is rare, and almost every successful bias case before the Supreme Court of the United States has been based on presumptive bias. *Buntion v. Quarterman*, 524 F.3d 664, 672 (5th Cir. 2008). Presumptive bias occurs when a judge may not actually be biased but has the appearance of bias such that "the probability of actual bias . . . is too high to be constitutionally tolerable." *Buntion v. Quarterman*, 524 F.3d 664, 672 (5th Cir. 2008). There are three situations in which the Supreme Court has found presumptive bias: (1) the decision maker has a direct personal, substantial, and pecuniary interest in the outcome of the case; (2) an adjudicator has been the target of personal abuse or criticism from the party before him; and (3) a judicial or quasi-judicial decision maker has the dual role of investigating and adjudicating disputes and complaints. *Bigby v. Dretke*, 402 F.3d 551, 558–59 (5th Cir. 2005).

In his response to the pending motion to dismiss, petitioner relies on the third situation, in that he claims Judge Grant acted as both investigator and adjudicator in his criminal case. The record shows that Judge Grant was the state trial judge in petitioner's criminal trial. The record does not show, however, that Judge Grant investigated the criminal claims in petitioner's criminal prosecution such that he carried a dual role of investigating and adjudicating petitioner's criminal offense. Petitioner's claim that Judge Grant investigated the instant criminal charges against him prior to being appointed as his

Montgomery County district judge is conclusory and unsupported in the record. His conclusory argument fails to meet his burden of proof under AEDPA.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to dismissal of this claim.

B.      Insufficiency of the Evidence

In his next claim, petitioner argues that the evidence is insufficient to support the conviction under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under the *Jackson* standard, a court views all the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *See Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). This standard gives full play to the fact finder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319; *Harrell v. State*, 620 S.W.3d 910, 914 (Tex. Crim. App. 2021). The fact finder alone judges the evidence's weight and credibility, and the court may not re-evaluate the evidence's weight and credibility and substitute its judgment for that of the fact finder. *Queeman*, 520 S.W.3d at 622. The court is to presume that the fact finder resolved any conflicting inferences in favor of the verdict, and it must defer to that resolution. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018).

7

Petitioner contends that the evidence fails to meet the *Jackson* standards for the following reasons:

> [My conviction] which was indicted June 5, 2018 alleging 6 offenses all to have occurred between the on or about day of [illegible] 2014. This date as stated in the indictment alleged to have occurred between the on or about day of September 2, 2007 through April 2, 2015. This is insufficient and a material variance in what was presented at trial. The jury was allowed by omission the ability to consider facts not alleged in the indictment. These laws as applied to this case seem to be at odds with legislative intent. The fact there are things that are proved inside predicated offenses that do not have to be proven beyond a reasonable doubt should never allow the state to lower its burden of proof. This under any approach given in [my] case allows a jury to hand pick these predicate facts disregarding an indictment or jurisprudence allowing jurys [*sic*] the right to perform operations that are pure questions of law.

(Docket Entry No. 1, pp. 8–9.)

Petitioner did not challenge the sufficiency of the evidence on direct appeal. In rejecting petitioner's sufficiency challenge on state collateral review, the state trial court found that the evidentiary sufficiency claim was not cognizable on state habeas review, citing *Ex parte Perales*, 215 S.W.3d 418, 419 (Tex. Crim. App. 2007). (Docket Entry No. 12-27, p. 391.) The Texas Court of Criminal Appeals denied habeas relief without written order on the findings of the trial court without a hearing and on the court's independent review of the record. (Docket Entry No. 12-21.)

In Texas, a sufficiency of the evidence claim may be raised only on direct appeal and is not cognizable in a state application for a writ of habeas corpus. *See Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App. 1981) (en banc); *see also West v. Johnson*, 92 F.3d 1385,

8

1389 n.18 (5th Cir. 1996). The state habeas court explicitly relied on procedural grounds for rejecting petitioner's insufficiency claim, which is an adequate and independent state procedural bar to federal habeas review of the claim. *See West*, 92 F.3d at 1398 n.18; *Reed v. Thaler*, 428 F. App'x 453, 454 (5th Cir. 2011).

Procedural default occurs where a state court clearly and expressly bases its dismissal of a claim on a state procedural rule and the state procedural rule provides an independent and adequate ground for the dismissal. *Davila v. Davis*, 582 U.S. 521, 527 (2017); *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014). The "independent" and "adequate" requirements are satisfied where the state court clearly indicates that its dismissal of a particular claim rests upon a state ground that bars relief and the bar is strictly and regularly followed by state courts. *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012). This doctrine ensures that federal courts give proper respect to state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991).

To show an exception for federal habeas review, a petitioner who has procedurally defaulted a claim in state court must demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

Respondent argues in the motion to dismiss that, because petitioner failed to challenge the sufficiency of the evidence on direct appeal, the issue has been procedurally defaulted and is barred for purposes of federal habeas review. In response, petitioner argues that his

9

claim is not barred because he shows cause and prejudice for the default due to appellate counsel's failure to challenge the sufficiency of the evidence on direct appeal.

Even assuming petitioner's ineffective assistance claim were to provide cause and prejudice necessary to surmount the procedural default, he fails to establish insufficiency of the evidence. The indictment in petitioner's case alleged that

> Michael Wayne Kelly on or about October 01, 2014, and before the presentment of this indictment, in the County and State aforesaid, did then and there, during a period that was 30 or more days in duration, to-wit: from on or about but not before September 2, 2007 through April 2, 2015, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against S.K. and K.K., a child younger than 14 years of age, namely, Aggravated Sexual Assault of a Child by penetrating the S.K.'s sexual organ with the defendant's finger; Indecency with a Child by causing the defendant's hand to contact S.K.'s sexual organ; Aggravated Sexual Assault of a Child by contacting or penetrating K.K.'s sexual organ with defendant's sexual organ; Aggravated Sexual Assault of a Child by contacting or penetrating K.K.'s sexual organ with defendant's mouth; Aggravated Sexual Assault of a Child by causing the penetration of K.K.'s anus with defendant's finger; Indecency with a Child by causing K.K.'s hand to contact the defendant's sexual organ.

(Docket Entry No. 12-1, p. 31.)

Petitioner does not challenge the sufficiency of the evidence as to the children's testimony of his sexual assaults. Rather, he argues that the evidence is insufficient because the State failed to prove that the offenses occurred on or about October 1, 2014, as stated in the indictment. However, it is well settled under Texas law that the State need not allege a specific date in an indictment. *Sledge v. State*, 953 S.W.2d 253, 255–56 (Tex. Crim. App. 1997). The "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is prior to the presentment of the

indictment and within the statutory limitations period. *Scoggan v. State*, 799 S.W.2d 679, 680 n. 3 (Tex. Crim. App. 1990) ( holding that "[t]he State is not bound by the date alleged in the indictment . . . so long as the date proved is a date anterior to the presentment of indictment and the crime's occurrence is not so remote as to be barred by limitation."); *Thomas v. State*, 753 S.W.2d 688, 692 (Tex. Crim. App. 1988) (holding that "[w]here an indictment alleges that some relevant event transpired 'on or about' a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory period of limitations."). Consequently, petitioner's challenge to the sufficiency of the evidence predicated on the dates alleged in the indictment provides him no basis for relief.

Moreover, the evidence is sufficient to support petitioner's conviction for continuous sexual abuse of a child. Petitioner was indicted for committing continuous sexual abuse of a child for a period of thirty or more days, from on or about but not before September 2, 2007, through April 2, 2015, against S.K. and K.K., who were both under the age of 14. As found by the state trial court on collateral review, both of the complainants testified that petitioner committed acts of sexual abuse against them during a period that was thirty days or more in duration while they were younger than fourteen years of age. (Docket Entry No. 12-27, p. 390.)

Although petitioner's conclusory assertions of insufficient evidence raise no cognizable habeas claim, this Court has reviewed the evidence adduced at trial and finds it

sufficient to support the conviction under the *Jackson* standards. Although petitioner disagrees with his daughters' testimonies as to his criminal acts, he acknowledges that their testimony is sufficient to support the criminal offense. (Docket Entry No. 14, p. 6.) Moreover, his disagreements as to when the offenses occurred do not support an insufficiency of the evidence claim, as the fact finder alone resolves conflicts in the testimony, weighs the evidence and credibility of testimony, and draws reasonable inferences from basic facts to ultimate facts under *Jackson*.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to dismissal of this claim.

### C.    Indictment

Petitioner next claims that his "indictment held multiple charges within one charged offense suffering Duplocoty [*sic*] and Double Jeopardy violating 5th, 6th, and 14th Amendments." (Docket Entry No. 1, p. 10.) Specifically, he states that the "indictment has very fatal notice problems and <u>future</u> double jeopardy failures." (Docket Entry No. 14, p. 7, original emphasis.) In support, he argues that

> [My] indictment bore 6 offenses within a single charged offense. The jury did not have to prove [*sic*] any of these offenses beyond a reasonable doubt or with unanimity. Then the Court was alloed [*sic*] to seperate [*sic*] them charging [me] with 7 offenses differing material elements within each offense. The date of all 6 of these offenses alleged were under one on or about day of October 1, 2014 in that regard making it seperate [*sic*] distinct offenses from the

12

Continuous Sexual Abuse allegations. in [*sic*] all [I] was after the court
seperated [*sic*] the predicate offenses charged 7 times before considered for
[my] innocense [*sic*]. This disregards the constitutional provisions brought
forth to protect Due Process. This is a miscarriage of justice and applies
questions of law.

(Docket Entry No. 1, pp. 10–11.)   Although unclear, it appears that petitioner is claiming

that the indictment charged him with six separate offenses under one statutory offense, thus

denying him due process and violating double jeopardy protections. He further contends that

the indictment is fatally defective in not providing "notice."

The sufficiency of a state indictment is not a matter for federal habeas relief unless

it can be shown that the indictment is so defective that it deprives the state court of

jurisdiction. *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009).   State law dictates whether

a state indictment is sufficient to confer a court with jurisdiction. *McKay v. Collins*, 12 F.3d

66, 68 (5th Cir. 1994). As such, this Court is "required to accord due deference to the state's

interpretation of its own law that a defect of substance in an indictment does not deprive a

state trial court of jurisdiction." *Id.* at 69 (citations omitted). The issue is foreclosed from

consideration on federal habeas review if "the sufficiency of the [indictment] was squarely

presented to the highest court of the state on appeal, and that court held that the trial court

had jurisdiction over the case." *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007)

(citation omitted).

The state trial court on collateral review in this instance found that petitioner's

indictment correctly charged the offense of continuous sexual abuse of a child.  (Docket

13

Entry No. 12-27, p. 390.) The Texas Court of Criminal Appeals denied habeas relief without a written order on the findings of the trial court without a hearing and on the court's independent review of the record. (Docket Entry No. 12-21.) Because the sufficiency of the indictment was squarely presented to the highest state court and that court held that the trial court had jurisdiction over the case and petitioner fails to establish anything to contrary in this proceeding, his claims are foreclosed to federal habeas review. *Wood*, 503 F.3d at 412.

Moreover, petitioner does not establish that the indictment violated his double jeopardy protections. Although petitioner raised this issue on state habeas review, he did not raise it on direct appeal, and the state habeas court found that his challenge to the indictment was not cognizable on state habeas review under state law. (Docket Entry No. 12-27, p. 391.) Consequently, petitioner's double jeopardy challenge to the indictment is procedurally defaulted and barred from consideration here. Petitioner fails to demonstrate cause and prejudice for the default, or that a fundamental miscarriage of justice will result if the Court does not address the defaulted issue. *See Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

Regardless, petitioner's conclusory assertions of a potential future double jeopardy violation fail to warrant federal habeas relief. The Double Jeopardy Clause forbids the duplicative prosecution of a defendant for the same offense. U.S. CONST. amend. V; *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (holding that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied

14

to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). Petitioner's indictment set forth specific and disparate acts as to specific victims, and did not run afoul of the Double Jeopardy Clause.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to dismissal of this claim.

D.    Jury Charge

Petitioner argues that "jury charge error caused egregious harm under *In Re Winship* violating his 6th and 14th Amendment [*sic*]." (Docket Entry No. 1, p. 13.)  The Court assumes petitioner is referring *In Re Winship*, 397 U.S. 358 (1970), which holds that the Due Process Clause of the Fourteenth Amendment requires the state to prove beyond a reasonable doubt every fact necessary to constitute the charged offense.  In support, petitioner asserts that the application portion of his jury charge "was ambiguous to the 30 or more days seperation [*sic*] of the two or more offenses which is the material element of continuous sexual abuse." *Id.*  As correctly noted by respondent in the pending motion to dismiss, this claim is procedurally defaulted because petitioner did not object to the jury charge at trial or challenge the jury charge on direct appeal.  No cause and prejudice is argued or shown, nor does petitioner demonstrate that a miscarriage of justice will result if the claim is not addressed.

Regardless, the state trial court on habeas review found that the jury charge in petitioner's case "properly instructed the jury about the State's burden of proof and the elements of continuous sexual abuse of a child." (Docket Entry No. 12-27, p. 390.) The state trial court further concluded that petitioner's "complaint about this Court's charge to the jury is not cognizable. *See Ex parte Carter*, 521 S.W.3d 344, 348 (Tex. Crim. App. 2017)." *Id.*, p 391. In the interest of justice, the Court has reviewed petitioner's claim and finds that he fails to establish a violation of *Winship*, the Sixth Amendment, or the Fourteenth Amendment. The jury charge, in relevant part, instructed the jury as follows:

> In order to find the Defendant guilty of the offense of continuous sexual abuse of a child, you are not required to agree unanimously on which specific acts of sexual abuse were committed by the Defendant or the exact date when those acts were committed. However, in order to find the Defendant guilty of the offense of continuous sexual abuse of a child, you must agree unanimously that *the Defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse* against a child younger than 14 years of age.

(Docket Entry No. 12-27, p. 376, emphasis added). This essentially tracks the relevant statute as to the time requirements. *See* TEX. PENAL CODE § 21.02 (b)(1) ("A person commits an offense if: during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims. . . ."). No constitutional violation is shown.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was

an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to dismissal of this claim.

E.     Unconstitutional Statute

Petitioner states that he was convicted under Texas Penal Code § 21.02, "Continuous Sexual Abuse of a Young Child or Disabled Individual." He argues that the statute is an unconstitutional violation of his due process rights due to "vagueness, nonunanimity [*sic*] in its deflection [*sic*] of the material element, [d]ouble jeopardy, and presumption." He asks the Court to "completely weed through all the inconsistencies in the statute and its application" and hold the statute unconstitutional. (Docket Entry No. 1, p. 17.) He presents no factual or legal support for his claim beyond conclusory assertions of unconstitutionality.

In rejecting petitioner's claim on collateral review, the state trial court found that petitioner "did not raise a facial challenge to the constitutionality of the continuous sexual abuse of a child statute," and that he "failed to explain why the statute underlying his conviction is unconstitutional." (Docket Entry No. 12-27, pp. 390, 391.) The Texas Court of Criminal Appeals denied habeas relief without written order on the findings of the trial court without a hearing and on the court's independent review of the record. (Docket Entry No. 12-21.)

In his response to the pending motion to dismiss, petitioner argues that the State "fails to establish reasonable facts or establish those facts reasonably to law. This leads to [my] conviction and unlawful detention [*sic*] a miscarriage of justice and if continued would allow

17

a state to completely transfigure the United States Constitution." (Docket Entry No. 14, pp. 8–9.) Petitioner sets forth no facts or legal authorities in explanation of his claim.

Petitioner's conclusory assertions lack support in the record or in legal authority, and are insufficient to meet his AEDPA burden of proof. Contrary to petitioner's argument, it is not respondent's burden to establish the constitutionality of the statute, nor is it this Court's obligation to "completely weed through" the statute and the law to find any possible support for petitioner's position where he himself has proffered none.

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to dismissal of this claim.

F.    Ineffective Assistance of Trial Counsel

Petitioner contends that trial counsel was ineffective in failing to object to the trial judge's bias, the insufficiency of the evidence, the faulty indictment, and the improper jury charge. To prevail under *Strickland*, petitioner must show that, but for appellate counsel's failure to raise these claims on appeal, the result of his appeal would have been different. *Henderson v. Quarterman*, 460 F.3d 654, 665 (5th Cir. 2006). Because this Court has rejected on the merits the four claims listed by petitioner, petitioner establishes neither deficient performance nor actual prejudice under *Strickland*. No ineffective assistance of trial counsel is shown.

Moreover, the state trial court on habeas review found that, "The applicant has failed to allege any facts that, if true, would show his trial attorneys were constitutionally ineffective." (Docket Entry No. 12-27, p. 390.) The state trial court further concluded that, "The applicant has failed to prove by a preponderance of the evidence that he was denied his right to the effective assistance of counsel." (Docket Entry No. 12-27, p. 391.)

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to dismissal of this claim.

G.    Ineffective Assistance of Appellate Counsel

Petitioner argues that his appellate counsel was ineffective in failing to raise the constitutional violations presented in the instant petition. The Court has found no merit to the habeas claims raised in this petition, and petitioner establishes neither deficient performance nor actual prejudice under *Strickland*.

Moreover, the state trial court on habeas review found that, "The applicant has failed to allege any facts that, if true, would show his appellate counsel was constitutionally ineffective." (Docket Entry No. 12-27, p. 390.) The state trial court further concluded that, "The applicant has failed to prove by a preponderance of the evidence that he was denied his right to the effective assistance of appellate counsel." (Docket Entry No. 12-27, p. 391.)

The state court denied habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to dismissal of this claim.

## IV. CONCLUSION

For the above reasons, the motion to dismiss (Docket Entry No. 11) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DISMISSED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the _10_ day of April, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

20